ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.

---

(103 So. 648)

MILLER, Tax Collector, v. CHEROKEE COUNTY FAIR ASS'N. (7 Div. 558.)

(Supreme Court of Alabama. March 26, 1925.)

1. Taxation ⬅543(9)—Appeal from judgment, in action to recover taxes paid under protest, will be reviewed.

Appeal from judgment, in action to recover taxes paid under protest, will be reviewed, though assessment sheet put in evidence was not copied in bill of exceptions on appeal, where no objection for lack of form or authenticity was taken to it in trial court.

2. Taxation ⬅211—Statute exempting fairs, etc., from taxation inapplicable to property of telephone company holding annual fairs.

Revenue Act 1919, § 2, subd. (h), exempting fairs, etc., from certain taxation, substantially similar to Revenue Act 1923, § 2, and Revenue Act 1915, § 2, subd. 1, held not to exempt property of fair association operating telephone system and holding annual fairs, and using telephone revenues in keeping fair grounds and buildings in repair; such property having no use or value in proximate connection with holding of annual fairs.

Appeal from Circuit Court, Cherokee County; W. W. Haralson, Judge.

Action by the Cherokee County Fair Association against A. B. Miller, as Tax Collector of Cherokee County, to recover taxes paid under protest. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under Acts 1911, § 6, p. 449. Reversed and remanded.

Harwell G. Davis, Atty. Gen., A. A. Evans, Asst. Atty. Gen., and Frank M. Savage, of Center, for appellant.

The exemption provided by Acts 1919, p. 284, § 2 (h), does not apply to property not used for the purpose of holding county fairs.

Mayor, etc., v. Stonewall Ins. Co., 53 Ala. 570.

Hugh Reed, of Center, for appellee.

When the bill of exceptions does not contain all of the evidence, any statement of facts will be presumed that will sustain the judgment. McGee v. Freeman & Son, ante, p. 31, 101 So. 644. The exemption clause is clear and unambiguous, and applies to any property of fair associations. Smith v. Stiles, 195 Ala. 107, 70 So. 905; State v. Lane, 181 Ala. 646, 62 So. 31; Thomason v. Court, 184 Ala. 28, 63 So. 87; Street v. Cloe, 207 Ala. 631, 93 So. 591.

SAYRE, J. [1] Plaintiff, appellee, had judgment against defendant, appellant, tax collector, for the amount of taxes assessed against plaintiff and paid under compulsion and protest. Plaintiff owns and operates a telephone system, switchboard, wires, poles, etc., in Cherokee county, with Center as the center of its operations. Its lines extend into the surrounding country for some miles, and it charges its patrons for the services rendered. The tax in question was assessed by the state tax commission. The assessment sheet was put in evidence as the bill of exceptions recites, but is not copied into the bill. Appellee refers to this omission, but no objection for lack of form or authenticity was taken to it in the trial court, and we find in its omission from the bill no sufficient reason for refusing to review the real question in the case, which is, whether the telephone property in question is exempt from the ad valorem tax levied against taxable property in general by the Revenue Act of 1919 (Acts 1919, p. 327, § 157), and other acts of like character in recent years.

[2] No part of the tax in question was assessed against the "fair grounds" owned by plaintiff or any property other than the telephone system, and the testimony of the principal owner affords safe ground for decision. The exemption provided by subdivision (h) of section 2 of the Revenue Act of 1919 is:

"That no license or taxation of any character, except franchise taxes as provided by section 229 of the Constitution of the state of Alabama, shall be collected or required to be paid to the state, or any county or municipality therein, by any state or county fair, agricultural association, stock or poultry show." Acts 1919, p. 284.

Substantially the foregoing exemption was provided by section 2 of the Revenue Act of 1923 (Acts, p. 152 et seq.), now of force, and by the Revenue Act of 1915 (Acts 1915, p. 386, § 2, subd. 1), to which we refer because a part of the assessment in suit was for escaped taxes.

It is rather obvious, we think, that the only ground for the exemption provided for fairs, agricultural associations, and stock or poul-

try shows, is that the property so exempt is used for the purposes indicated by the language in which the exemption is expressed; that is, for fairs, agricultural associations, etc. The testimony of the witness referred to indicates that plaintiff or, sometimes, its lessee, holds an annual fair at Center. In several years, when crops were not good, no fairs were held. The receipts from the telephone system go into the treasury of the plaintiff corporation and most of it, apparently, is expended on the keeping of the grounds and buildings of the plaintiff association in repair, but that is not deemed to be a matter of consequence, for the telephone property in question has no more intimate or necessary connection with the "fair grounds" or the business of holding fairs than it has with any other property, enterprise, or business in Cherokee county. It appears, in truth, that the only reason upon which the exemption is claimed is that the property is owned by the association, which is incorporated, we may assume, for the purpose of holding fairs at Center. That ownership alone does not suffice to bring this telephone property within the purport or purpose of the exemption provided by the Legislature. To come within that exemption, property must have some use or value in proximate connection with the purposes for which such associations are incorporated. It appears that there is no such connection in this case. The conclusion therefore is that the trial court erred in its judgment for plaintiff.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.